**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**WENCHUN ZHENG, Ph.D.,**

        **Plaintiff,**

       **v.**                                                    **1:15-CV-1232**
                                                              **(TJM/CFH)**

**GENERAL ELECTRIC COMPANY, GE**
**TRANSPORTATION, GE POWER & WATER,**
**GE ENERGY STORAGE (GEMX**
**TECHNOLOGIES, LLC), RICHARD**
**BOURGEOIS, KIMBERLY CRAVER,**
**TOM O'DONNELL, DOUGLAS AUSTIN,**
**MINESH SHAH, KATIE TRANT, and**
**KRISTEN CRISMAN,**

        **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

**I.   INTRODUCTION**

This *pro se* action was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for an initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e).  No objections to Magistrate Judge Hummel's January 12, 2016 Report-Recommendation and Order [dkt. # 17] have been filed, and the time to do so has expired.

**II.   DISCUSSION**

After examining the record, this Court has determined that the Report-Recommendation and Order is not subject to attack for plain error or manifest injustice.

1

## III. CONCLUSION

Accordingly, the Court **ADOPTS** the thorough and well reasoned Report-Recommendation and Order [dkt. # 17] for the reasons stated therein. Therefore, it is hereby:

**(1) ORDERED**, that plaintiff's claims pursuant to the New York State Human Rights Law in the amended complaint's sixth cause of action alleged against GE Company, Bourgeois, Craver, Austin, Trant, and Shah are allowed to proceed; and it is further,

**(2) ORDERED**, that plaintiff's claims pursuant to the New York State Human Rights Law, insofar as alleged against defendants Crisman, O'Donnell, GE Transportation, GE Power & Water, GE Energy Storage (GEMX Technologies LLC) in the sixth cause of action of the amended complaint are dismissed, without prejudice; and it is further,

**(3) ORDERED** that plaintiff's claims pursuant to 42 U.S.C. § 1981 as alleged against the individual defendants in the **original complaint** are to be read as if they were repleaded in the amended complaint, and that: (1) pursuant to the fifth cause of action of the original complaint: (a) insofar as it alleges claims for age discrimination pursuant to section 1981, such claims are dismissed, with prejudice, and without opportunity to amend; (b) insofar as it alleges claims for disparate treatment against defendants Austin, Bourgeois, Shah, and Trant in violation section 1981, such claims are allowed to proceed; (c) insofar as it alleges claims against defendants Bourgeois and Austin for harassment and retaliation relating to workload and assignments pursuant to

section 1981 such claims are allowed to proceed; (d) insofar as it alleges a claim against defendant Craver for retaliation in violation of section 1981, such claim is dismissed without prejudice, and with opportunity to amend; (e) insofar as it alleges any claims against defendants O'Donnell, Crisman, GE Power & Water, GE Energy Storage (GEMX Technologies, LLC), and GE Transportation, such claims are dismissed, without prejudice, as plaintiff failed to allege any facts to support a claim that these defendants violated section 1981; (2) plaintiff's claim for retaliation in violation of section 1981, as set forth in the sixth cause of action of the original complaint against defendants Craver and Austin, are dismissed, without prejudice, and with opportunity to amend, as set forth in the Report-Recommendation and Order; and it is further,

(4) **ORDERED** that plaintiff's claims for discrimination and retaliation in violation of 42 U.S.C. § 1981 as alleged against GE Company in the fourth cause of action of the amended complaint are read as a claim for retaliation and such claim is allowed to proceed; and it is further,

(5) **ORDERED** that plaintiff's claim for harassment in violation of 42 U.S.C. § 1981 alleged against GE Company in the fifth cause of action of the amended complaint is allowed to proceed; and it is further,

(6) **ORDERED** that plaintiff's seventh cause of action in the amended complaint alleged against defendant Bourgeois is allowed to proceed insofar as it alleges claims pursuant to New York State Civil Rights Law § 79; and it is further,

(7) **ORDERED** that plaintiff's seventh cause of action in the amended complaint for harassment against defendant Bourgeois insofar as it purports to

allege claims pursuant to the New York State Penal Law § 240.25 is dismissed with prejudice and without opportunity to amend; and it is further,

(8) **ORDERED** that plaintiff's tenth cause of action in the amended complaint alleged against GE Company purportedly pursuant to Title VII and Section 1981 for being an "unequal opportunity employer" is read as an "unconscionability" claim brought pursuant to New York State contracts principles, and such claim is dismissed, without prejudice, and with opportunity for plaintiff to amend this claim to explain, as discussed within the Report-Recommendation and Order, whether he engaged in alternative dispute resolution regarding any of the issues raised in this complaint and/or whether he did not knowingly enter into the arbitration agreement; and it is further

(9) **ORDERED** that, in addition to those claims discussed above, the following claims also survive the Section 1915(e) review: (1) plaintiff's Title VII claims against GE Company for (a) discrimination, (b) retaliation, (c) "unequal terms and conditions of employment, and (d) wrongful termination; and (2) plaintiff's Age Discrimination in Employment Act claim against GE Company.

Plaintiff is again reminded that an amended complaint <u>is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect</u>." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994). Therefore, any amended complaint (*i.e.* a Second Amended Complaint) <u>must include all of</u>

<u>the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action</u> which the defendants must answer.

**IT IS SO ORDERED.**

**Dated:** February 4, 2016

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge