**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**WENCHUN ZHENG, Ph.D.,**

        **Plaintiff,**

   v.                                               1:15-CV-1232
                                                              (TJM/CFH)

**GENERAL ELECTRIC COMPANY,**
*et al.*,

        **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

This *pro se* action was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a 28 U.S.C. § 1915(e) review of Plaintiff's Second Amended Complaint. In conducting this review, Magistrate Judge Hummel afforded Plaintiff the special solicitude due *pro se* litigants, and incorporated into the Second Amended Complaint allegations contained in an incomplete document entitled "Third Amended Complaint." See April 21, 2016 Report-Recommendation and Order [dkt. # 29]. Magistrate Judge Hummel's recommendations are addressed more fully below. Plaintiff thereafter filed a letter directed to Magistrate Judge Hummel [dkt. # 34] in which Plaintiff (1) tells Magistrate Judge Hummel that he appreciates the "solicitude expressed in the Report-Recommendation and Order," (2) "enclose[s] . . . [a] formal 3rd Amended Complaint which," he contends, is intended to "supersede[] all previous-filed versions of this complaint in its entirety," (3) asks that the "formal 3rd Amended Complaint" (and

1

summonses) be served on the Defendants, and that Defendants be directed to base their responses on this pleading, (4) "highlights" the differences between the Second Amended Complaint and the "formal 3rd Amended Complaint," and (5) discusses some of the conclusions reached in the April 21, 2016 Report-Recommendation and Order, asking Magistrate Judge Hummel to reconsider one under a "different perspective," propounding a hypothetical for consideration under one claim, providing more factual content then pled in the Second Amended Complaint, and explaining the reasons Plaintiff purportedly took certain actions while employed. Dkt. # 34.

The Court will treat this letter as objections to the April 21, 2016 Report-Recommendation and Order.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v. 7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

2

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

The first order of business is addressing the pleading that Plaintiff contends is his "formal 3rd Amended Complaint."

After Magistrate Judge Hummel performed a 28 U.S.C. § 1915(e) review of Plaintiff's Amended Complaint, the Court adopted Magistrate Judge Hummel's recommendations and granted Plaintiff leave to file a second amended complaint. Plaintiff filed his Second Amended Complaint, which was also referred to Magistrate Judge Hummel for a 28 U.S.C. § 1915(e) review. Plaintiff then filed an incomplete pleading entitled "Third Amended Complaint," which, giving Plaintiff the solicitude due a *pro se* litigant, Magistrate Judge Hummel incorporated into the Second Amended Complaint. Thus, the "formal 3rd Amended Complaint" which Plaintiff now presents is, in actuality, a proposed Fourth Amended Complaint.

Despite the solicitude afforded Plaintiff, his *pro se* status does not entitle him to file amended pleadings *ad infinitum* attempting to rectify deficiencies in prior pleadings. Federal Rule of Civil Procedure 15 provides that a party may amend his pleading "once as

3

a matter of course," and may otherwise amend (1) with the opposing party's written consent, or, (2) the Court's leave. Plaintiff has neither presented the Defendants' written consent for his fourth amendment, nor received the Court's leave for that purpose. Thus, the Court will not consider Plaintiff's "formal 3rd Amended Complaint," nor will it be filed. If Plaintiff desires to seek leave to file a Fourth Amended Complaint, he must do so in accordance with the applicable procedural rules.

Moving on, the Court has considered that much of Plaintiff's May 2, 2016 letter that could be deemed objections to the Report-Recommendation and Order, and has completed a *de novo* review of the issues raised by those objections. Having done so, the Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his thorough report.

## IV. CONCLUSION

In conclusion, the Court accepts and adopts Magistrate Judge Hummel's April 21, 2016 Report-Recommendation and Order, Dkt. No. 29, in its entirety. Therefore, it is hereby **ORDERED** that:

(1) Plaintiff's "Third Amended Complaint," Dkt. No. 25, will be interpreted as a supplement to Plaintiff's Second Amended Complaint, Dkt. No. 22, and that (a) paragraphs 51 and 52 of the "Third Amended Complaint" are read to replace paragraphs 51 and 52 of the Second Amended Complaint, and (b) the exhibits attached to the "Third Amended Complaint" are considered exhibits to the Second Amended Complaint;

(2) Plaintiff's Eleventh Cause of Action against GE Company for "Unequal Opportunity Employer" shall be read as an unconscionability claim against GE Company

pursuant to state contracts law, and such claim may proceed;[1]

(3) To the extent Plaintiff's Second Amended Complaint may be read as alleging claims against GE Transportation, GE Power & Water, and GE Energy Storage (GEMX Technologies, LLC) for (a) violations of the NYSHRL and (b) retaliation in violation of 42 U.S.C. § 1981, such claims are dismissed with prejudice and without opportunity to amend;

(4) Plaintiff's claim against defendant Craver for retaliation in violation of the New York State Human Rights Law may proceed;

(5) Plaintiff's claim against defendant Craver for retaliation in violation of 42 U.S.C. § 1981 may proceed;

(6) Plaintiff's claim against defendant Austin for retaliation in violation of 42 U.S.C. § 1981 may proceed;

(7) Insofar as Plaintiff's Second Amended Complaint may be read as alleging any claims against defendants Tom O'Donnell and Kristen Crisman, such claims are dismissed with prejudice and without opportunity to amend;

(8) In addition to the claims discussed above, the following claims survive the Section 1915(e) initial review for the reasons stated in Magistrate Judge Hummel's January 12, 2016 Report-Recommendation and Order, Dkt. No. 17, adopted by the undersigned in a February 4, 2016 Decision and Order, Dkt. No. 18:

(A) Plaintiff's Title VII claims against GE Company for (i) discrimination, (ii) retaliation, (iii) unequal terms and conditions of employment, and (iv) wrongful

---

[1] Nothing in this Decision and Order should be interpreted as ruling upon Defendants' pending motion to compel arbitration and dismiss the Second Amended Complaint. See Dkt. #30.

termination;

(B) Plaintiff's Age Discrimination in Employment Act claim against GE Company;

(C) Plaintiff's claim against defendant Bourgeois pursuant to New York State Civil Rights Law §79;

(D) the following claims in violation of 42 U.S.C. §1981: (i) retaliation and harassment against GE Company, (ii) disparate treatment against defendants Austin, Bourgeois, Shah, and Trant; (iii) harassment and retaliation relating to workload assignments against Bourgeois and Austin; and

(E) Plaintiff's claims pursuant to the New York State Human Rights Law against defendants GE Company, Bourgeois, Austin, Trant, and Shah;

and it is further,

**ORDERED** that the remaining defendants, or their counsel, are required to file a formal response to the Second Amended Complaint as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and that the Clerk is ordered to schedule a Rule 16 Conference before the assigned Magistrate Judge.

**IT IS SO ORDERED.**

**Dated:** May 9, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge

6