**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**WENCHUN ZHENG, Ph.D.,**

        **Plaintiff,**

     v.                                     **1:15-CV-1232**
                                                   **(TJM/CFH)**
**GENERAL ELECTRIC COMPANY,**
*et al.*,

        **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

Defendant General Electric Company ("GE") and the individually named defendants (collectively, "Defendants") move to compel arbitration of the instant action pursuant to the Federal Arbitration Act (9 U.S.C. § 1, et seq.) (the "FAA"), and request that after referring Plaintiff Wenchun Zheng's claims to arbitration, the Court dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, stay these proceedings pursuant to Section 3 of the FAA. Dkt. # 30. Plaintiff opposes the motion, dkt. # 37, and Defendants have filed a reply. Dkt. # 40.

For the reasons that follow, Defendants' motion to compel arbitration is granted, and the action is dismissed.

**II.    BACKGROUND**

The Court presumes familiarity with the prior Decision & Orders and Report & Recommendations that have addressed Plaintiff's prolix pleadings. See dkt #s 5, 10, 17,

1

18, 29, 35. Suffice it to say that Plaintiff brings claims of discrimination, harassment, and retaliation under federal and New York state law, all arising during and in relation to his employment with GE.

Plaintiff's employment with GE commenced in August, 2012. In this regard, GE provided Plaintiff an "Offer Letter" on August 24, 2012. Tumey Decl. ¶ 3, Ex. A. This Offer Letter states, in relevant part:

> I acknowledge that the offer of employment made to me is contingent upon meeting all employment requirements, including but not limited to the following:
>
> …
>
> h. My review and agreement to "SOLUTIONS: An Alternative Dispute Resolution Procedure" (the "Solutions Procedure"). I agree to resolve disputes in accordance with the terms of the Solutions Procedure and, accordingly, I agree as a condition of employment, to waive the right to pursue Covered Claims (as defined in the Solutions Procedure) against the Company in Court (bench or jury trial) or on a class basis in Court or arbitration. I agree to accept an arbitrator's award as the final, binding, and exclusive determination of all Covered Claims. I understand that, to the extent any Covered Claim I may have is prohibited by applicable statute or regulation from being mandated to arbitration, I will have an option to, but will not be required to, submit my claim to binding arbitration (see Appendix C to the Solutions Procedure for more information). My signature on this form constitutes acknowledgment of my receipt and review of a copy of and agreement to the Solutions Procedure.

Tumey Decl. Ex. A. Plaintiff signed the Offer Letter on August 28, 2012, under the words: "I accept the conditions of employment described above and as outlined in my Offer Letter, and accept the offer to work for GE." Id.

Under the GE Solutions Procedure, "Covered Claims" include claims relating to involuntary terminations, employment discrimination and harassment claims, and retaliation claims. Dkt. # 22-2 (Exhibit to Second Amended Complaint), at 5-6. The GE

2

Solutions Procedure further states that employees "are not allowed to litigate a Covered Claim in any court." Id. at 6. Instead, Covered Claims proceed through Lower Levels I and II—meetings with company management—and if those Levels are unsuccessful at resolving the dispute, the Covered Claim proceeds to Level III, mediation, and then to Level IV, arbitration. Id. at 2-3, 11-23. Arbitration is the final exclusive available remedy for all Covered Claims. Id. at 7, 22-23.

Plaintiff admits to being required to abide by the Solutions Procedure as part of his agreement to work for GE. See Second Amended Complaint ¶¶ 50-52. He further admits that he participated in the Solutions Procedure up to Level II. Id. at ¶ 50. However, and despite that GE informed Plaintiff that it was "ready, willing, and able to proceed with mediation," see dkt. # 25, at 29, Plaintiff commenced the instant action against Defendants. Dkt. # 1.

## III. DISCUSSION

### a. Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." E.S. Originals Inc. v. Totes Isotoner Corp., 734 F. Supp. 2d 523, 529 (S.D.N.Y. 2010) (internal citation omitted). "Section 2 of the [FAA] . . . provides that '[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Dixon v. NBC Universal Media, LLC, 947 F. Supp. 2d 390, 397 (S.D.N.Y. 2013) (quoting 9

U.S.C. § 2).

"Where a motion is brought to compel arbitration, a court 'applies a standard similar to that applicable for a motion for summary judgment' in that it must determine whether there is 'an issue of fact as to the making of the agreement for arbitration.'" Rosen v. Mega Bloks Inc., 2007 WL 1958968, at * 3 (S.D.N.Y. July 6, 2007) (quoting Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003)).

> In deciding whether a dispute is arbitrable, we must answer two questions: (1) "whether the parties agreed to arbitrate," and, if so, (2) "whether the scope of [that] agreement encompasses the claims" at issue. Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 666 (2d Cir. 1997). Consistent with the strong federal policy in favor of arbitration, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Bank Julius Baer & Co. v. Waxfield Ltd., 424 F.3d 278, 281-82 (2d Cir. 2005). "[I]n deciding whether the parties agreed to arbitrate a certain matter, courts should generally apply state-law principles that govern the formation of contracts." Mehler v. Terminix Int'l Co. L.P., 205 F.3d 44, 48 (2d Cir. 2000), cert. denied, 533 U.S. 911 (2001).

> "[A]rbitration is entirely a creature of contract." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 104 (2d Cir. 2006). Thus, "which disputes are subject to arbitration are determined entirely by an agreement between the parties .... Without the contract, the arbitration ... never could exist." Id. Agreements to arbitrate are enforced "in accordance with their terms." Volt Info. Sci. v. Bd. of Trustees, 489 U.S. 468, 478 (1989). Therefore, "[t]he scope of an arbitration clause, like any contract provision, is a question of the intent of the parties." S.A. Mineracao Da Trindade-Samitri v. Utah Int'l, Inc., 745 F.2d 190, 193 (2d Cir. 1984) (citing Necchi S.p.A. v. Necchi Sewing Mach. Sales Corp., 348 F.2d 693, 696 (2d Cir.1965), cert. denied, 383 U.S. 909 (1966)).

Rosen, 2007 WL 1958968, at * 4.

4

There can be no dispute that the Offer Letter and the incorporated Solutions Procedure constitute a valid and binding agreement between Plaintiff and GE to arbitrate all claims regarding harassment, discrimination, or retaliation, as well as all claims related to involuntary termination. Dixon, 947 F. Supp. 2d at 397. By signing the Offer Letter, Plaintiff impliedly acknowledged that he read, considered, and understood the terms of the Offer Letter, and by accepting employment he impliedly acknowledged his agreement that the GE Solutions Procedure as the sole procedure for resolving the claims he brings here.

Plaintiff's bald, conclusory allegations that he did not knowingly and voluntarily enter into the agreement contained in the Offer Letter is insufficient to overcome the presumption created by signing the Offer Letter that he entered the employment agreement knowingly and voluntarily. Furthermore, Plaintiff has admitted that he was required to abide by the Solutions Procedure as part of his agreement to work for GE, see Second Amended Complaint ¶¶ 50-52, and demonstrated his knowledge of and voluntary participation in the Solutions Procedure up to Level II. Id. at ¶ 50. Thus, there can be no meritorious dispute the Offer Letter and the incorporated GE Solutions Procedure comprise a valid arbitration agreement. See Dixon, 947 F. Supp. at 401-02 (finding agreement to be bound by the GE Solutions Procedure in exchange for continued employment enforceable, and granting motion to compel arbitration).

The GE Solutions Procedure is broad and encompasses "[c]laims relating to involuntary terminations," "[e]mployment discrimination and harassment claims," "[r]etaliation claims for legally protected activity," and "[c]laims of violation of public policy." Docket No. 22-2, at 5-6. It clearly defines "Covered Claims" in Section II.K, including in its definition "[e]mployment discrimination and harassment claims, based on, for example,

5

age, race, sex, religion, national origin, veteran status, citizenship, handicap/disability, or other characteristic protected by law," and "[r]etaliation claims for legally protected activity and/or for whistleblowing." Id. Furthermore, Covered Claims "include all claims that arise out of or are related to an employee's employment or cessation of employment (whether asserted by or against the Company)." Docket No. 22-2, at 5. "The Company" is defined in Section II.H as "GE, any subsidiaries, affiliates, joint ventures, and parents thereof that have adopted the procedure, and, as to each of these, their officers, directors, agents, supervisors/managers acting within the scope of employment, and any of its or their successors or assigns." Id. at 4.

There can be no meritorious dispute that all of Plaintiff's claims are against "the Company" as defined by the GE Solutions Procedure. Accordingly, all of Plaintiff's claims fall within the scope of the GE Solutions Procedure, which makes plain that "Covered Employees and the Company are not allowed to litigate a Covered Claim in any court."

There also can be no meritorious dispute that all of Plaintiff's federal claims are arbitrable. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26, 27-28 (1991) (ADEA claims are arbitrable); Arciniaga v. General Motors Corp., 460 F.3d 231, 238 (2d Cir. 2006) (§ 1981 claims are arbitrable); Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 148 (2d Cir. 2004) (Title VII claims are arbitrable). Likewise, there can be no meritorious dispute that Plaintiff's claims based on the New York State Human Rights Law and New York State Civil Rights Law are also arbitrable. See Lapina v. Men Women N.Y. Model Mgmt., 86 F. Supp. 3d 277, 288 (S.D.N.Y. 2015) ("Given that Plaintiffs' statutory claims are arbitrable, Plaintiffs' pendent state law claims are also arbitrable.") (citation omitted); Schuetz v. CS First Boston Corp., 1997 U.S. Dist. LEXIS 11612, at *4 (S.D.N.Y.

6

Aug. 8, 1997) (Human Rights Law claims are arbitrable); Kamakazi Music Corp. v. Robbins Music Corp., 1980 U.S. Dist. LEXIS 11836, at *1-3 (S.D.N.Y. June 5, 1980) (granting motion to compel New York Civil Rights Law claim to arbitration).

Thus, the Court finds that (1) the parties agreed to arbitrate, and, (2) the scope of the agreement encompasses all of the claims at issue in this action. Accordingly, and in recognition of the national policy favoring arbitration when the parties contract for that mode of dispute resolution, see E.S. Originals Inc., 734 F. Supp. 2d at 529, Defendants' motion to compel arbitration is granted.

### b. Dismissal or Stay

"Where all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings." Titan Pharms & Nutrition, Inc. v. Med. Shoppe Int'l, Inc., 2006 U.S. Dist. LEXIS 10131, *26 (S.D.N.Y. 2006). Dismissal is normally granted in such circumstances because "no useful purpose will be served by granting a stay of [Plaintiff's] claims against [Defendants]." Perry v. N.Y. Law Sch. & Collegis, Inc., 2004 U.S. Dist. LEXIS 14516, *14 (S.D.N.Y. 2004); see also Ramasamy v. Essar Global, Ltd., 825 F. Supp. 2d 466, 471 (S.D.N.Y. 2011)(Dismissal "is appropriate where all of the issues raised in the Complaint must be submitted to arbitration.")(internal quotation marks and citation omitted); Spencer-Franklin v. Citigroup/Citibank N.A., 2007 U.S. Dist. LEXIS 11625, *10 (S.D.N.Y. 2007) (where a defendant seeks dismissal rather than a stay, dismissal is normally granted).

Moreover, courts have also held that a valid and compulsory arbitration provision covering all claims eliminates subject matter jurisdiction and bars a plaintiff from pursuing suit in a nonarbitral forum. See Desiderio v. Nat'l Assoc. of Sec. Dealers, Inc., 2 F. Supp.

7

2d 516, 521 (S.D.N.Y. 1998) (holding that the court did not have subject matter jurisdiction where arbitration agreement was valid and applicable to plaintiff's claims).

Because all claims pled in this action are referred to arbitration, the action in this Court is dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to compel arbitration and to dismiss the instant action [dkt. # 30] is GRANTED. All claims asserted in this matter are referred to arbitration in accordance with the terms of the GE Solutions Procedure, and the Second Amended Complaint, as amended, is dismissed in its entirety. The Clerk of the Court is instructed to close the file in this matter.

**IT IS SO ORDERED.**

Dated: June 9, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge